■ Gary W. Sadler et al., Appellants, v Town of Hurley et al., Respondents, et al., Defendant. (And a Third-Party Action.) [720 NYS2d 613] —Crew III, J. Appeal from an order of the Supreme Court (Torraca, J.), entered October 20, 1999 in Ulster County, which, *inter alia*, granted motions by defendants Town of Hurley and Tonche Association, Inc. for summary judgment dismissing the complaint against them.

On September 24, 1993 at approximately 3:00 A.M., plaintiff Gary W. Sadler, a volunteer firefighter with third-party defendant, Olive Fire Department No. 1, Inc., went to Kenozia Lake, located on Boyce Road in the Town of Hurley, Ulster County, to assist in pumping water from the lake into tanker trucks. The lake was owned by defendant Tonche Association, Inc., which had an agreement with the fire department permitting it to use the lake to extract water for use in firefighting. Upon arriving at the lake, Sadler began assisting in setting up a pumper truck. As he walked toward the truck to obtain his gear, he was unable to see the ground due to poor lighting and fell off the side of the dam and into the lake, sustaining serious injuries.

Consequently, Sadler and his wife, derivatively, commenced this action in December 1994 against Tonche and defendant Town of Hurley alleging that they negligently maintained the dam and road at the end of the lake, which caused Sadler's fall and injuries. Tonche thereafter commenced a third-party action against the fire department. In March 1999, Tonche served plaintiffs with a demand to serve and file a note of issue. In July 1999, the Town moved for summary judgment and Tonche cross-moved seeking dismissal of the complaint for failure to prosecute or, in the alternative, for summary judgment. Supreme Court granted both motions for summary judgment and, additionally, held that dismissal was mandated for want of prosecution pursuant to CPLR 3216. Plaintiffs now appeal.

Contrary to plaintiffs' contention, we are of the view that Supreme Court properly granted summary judgment in favor of the Town. A review of the record makes clear that the Town

was not served with written notice pursuant to Town Law § 65-a. To the extent that plaintiffs rely upon the special use doctrine, suffice it to note that such is "reserved for situations where a landowner whose property abuts a public street * * * derives a special benefit from that property unrelated to the public use, and is therefore required to maintain a portion of that property" (*Poirier v City of Schenectady*, 85 NY2d 310, 315). Here, the Town used the lake not to serve a private use but, rather, to serve the public need to extract water for firefighting.

We come to a different conclusion, however, with regard to Supreme Court's grant of summary judgment to Tonche. It is axiomatic that Tonche, as a landowner, had a duty to maintain its property in a reasonably safe condition and to warn individuals lawfully on its property of latent dangerous conditions (*see, Comeau v Wray*, 241 AD2d 602, 603). The record reveals that Tonche was aware that fire department volunteers would be on its property to extract water from the lake in order to fight fires. Plaintiffs' expert opined that Sadler's accident was caused by the negligent construction and maintenance of the dam due to its irregular shape and the absence of guardrails and decking over an indentation along the dam where Sadler fell. Given that evidence, we are of the view that Supreme Court erred in granting summary judgment to Tonche.

We likewise are of the view that Supreme Court erred in dismissing the complaint against Tonche for failure to prosecute. It is clear from a review of the record that plaintiffs have a meritorious cause of action and, based upon the extensive pretrial discovery and opposition to the cross motion for summary judgment, it is equally clear that plaintiffs had no intention of abandoning this action. While it is true that counsel for plaintiffs proffered no excuse for the failure to serve and file a note of issue,* we note that the delay here was a mere three weeks and, as such, we find no substantive evidence of prejudice to Tonche. Under all of the circumstances, we exercise our discretion not to penalize plaintiffs with the extreme measure of dismissal and substitute the sanction of a fine of $1,000 payable by plaintiffs to Tonche (*see, King v Jordan*, 243 AD2d 951, 953; *Holdorf v Oneonta Urban Renewal Agency*, 99 AD2d 865,

---

* The record reflects that during the 90-day period following service of Tonche's demand, plaintiffs' attorneys were relieved and plaintiffs appeared *pro se* as of June 3, 1999. While the record does not reflect when plaintiffs' present counsel undertook representation (the affirmation in opposition to the motion and cross motion is dated September 15, 1999), there may well have been an understandable oversight with regard to the demand to serve and file a note of issue.

867). Accordingly, Tonche's cross motion to dismiss for failure to prosecute is denied on the condition that plaintiffs pay $1,000 to Tonche and file a note of issue, both within 45 days after service of a copy of this Court's order with notice of entry, failing which that portion of Supreme Court's order granting Tonche's cross motion to dismiss for failure to prosecute will be affirmed, with costs to Tonche.

Mugglin, Rose and Lahtinen, JJ., concur.

Mercure, J. P. (concurring in part and dissenting in part). Because I conclude that Supreme Court did not err in granting summary judgment dismissing the action against defendant Tonche Association, Inc., I am constrained to respectfully dissent from so much of the majority's determination as would reverse Supreme Court's order in that respect.

The evidence adduced on the summary judgment motion indicates that plaintiff Gary W. Sadler was familiar with the dam and lake at the site of his September 24, 1993 accident, as he had been there on four prior occasions. In fact, on the date of the accident he initially reported to a fire truck that was in the same "orientation" as on the occasion of a prior drill. According to Sadler's deposition testimony, after arriving at the lake on the night of the accident, he was first directed to remove a clamp from a fire hose and then, without further direction, took it upon himself to walk down the road toward a distant pumper truck. In so doing, Sadler was guided by two white three-inch hoses that extended from the pumper.

Initially, Sadler walked between the hoses and then, when they eventually crossed, he "had to step out of them." He stepped to the left, which was the side closest to the water, and a split-second later lost sight of the lines. Although it was "extremely dark black" out and Sadler had no flashlight or other source of light, he perceived a very straight line right in front of him, "like the edge of a table." He did not know what the line was but testified that he "felt safe because [he] was already on both sides of the line and [he] ruled out that it was the dam." He again began to walk forward and on his third step "suddenly there wasn't something there to step on" and he fell into the lake. Oddly, in his affidavit in opposition to the summary judgment motion, Sadler directly contradicts his deposition testimony and indicates that he knew he was walking on the dam and walked straight because he mistakenly thought that the dam was straight.

In either case, the foregoing evidence makes it clear that the hazard giving rise to Sadler's injuries was not the configuration of the dam but, rather, the open and obvious danger of

walking along the edge of a drop-off to a body of water in the pitch dark. Patently, because a landowner has "no duty to warn against a condition that can be readily observed by the reasonable use of senses" (*Olsen v State of New York*, 30 AD2d 759, *affd* 25 NY2d 665), Tonche had no duty to warn Sadler of the clear danger that confronted him (*see, Tarrazi v 2025 Richmond Ave. Assocs.*, 260 AD2d 468, 469). In addition, I believe that this case is governed by the general rule that property owners need not enclose natural geographical phenomena—in this case the lake—which present open and obvious dangers (*see, Casela v City of Troy*, 161 AD2d 991). Finally, I am not persuaded that a factual issue was created by the wholly conclusory opinion of plaintiffs' engineering expert to the effect that Tonche was negligent in failing to equip the dam with 24-hour lighting, a guardrail and/or a cover over the indentation into which Sadler stepped. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the cross motion of defendant Tonche Association, Inc. for summary judgment and dismissed the action against said defendant for failure to prosecute; cross motion for summary judgment denied and motion to dismiss for failure to prosecute denied on the condition that plaintiffs pay $1,000 to defendant Tonche Association, Inc. and serve and file a note of issue, both within 45 days of the date of this Court's decision; and, as so modified, affirmed.