■ VINTAGE, LLC, Respondent, v LAWS CONSTRUCTION CORP. et al., Appellants, et al., Defendants. [852 NYS2d 90]—

Judgment, Supreme Court, Bronx County (Edgar G. Walker, J.), entered on or about September 14, 2006, awarding plaintiff the principal sum of $1.5 million against defendants Laws Construction, the Westway/Laws Construction joint venture, and United States Fidelity and Guaranty, unanimously reversed, on the law, with costs, the award vacated, and the complaint dismissed. The Clerk is directed to enter an amended judgment accordingly. Appeal from order, same court and Justice, entered February 9, 2007, which denied appellants' motion to set aside the jury verdict and judgment against them, unanimously dismissed, without costs, as academic, in view of the foregoing. Order, same court and Justice, entered on or about August 14, 2007, settling the transcript, unanimously affirmed, without costs.

The court erred in not granting appellants' request for a jury charge containing all the elements of a joint venture (*see Cobblah v Katende*, 275 AD2d 637, 639 [2000]). Further, the verdict should have been set aside because there was insufficient evidence from which the jury could have determined that a joint venture had been formed as of the date plaintiff claims to have entered into two contracts with that venture (*see Chanler v Roberts*, 200 AD2d 489 [1994], *lv denied* 84 NY2d 903 [1994]). Because the remaining defendants (not parties to this appeal) settled out of the case prior to trial, the complaint should be dismissed in its entirety.

Appellants' challenge to the settling of the transcript was undermined by their counsel's statement immediately after the

charge was given, and by their failure to raise a timely objection (CPLR 4110-b).

We have considered appellants' remaining contentions and find them unavailing. Concur—Lippman, P.J., Tom, Nardelli, Catterson and Moskowitz, JJ.