■ JEANETTE CASTRO, Plaintiff, v NEW YORK CITY TRANSIT AUTHORITY, Defendant and Third-Party Plaintiff-Appellant. M.A. ANGELIADES, Third-Party Defendant-Respondent. [859 NYS2d 417]—

Order, Supreme Court, Bronx County (Janice L. Bowman, J.), entered June 8, 2007, which denied defendant Transit Authority's motion for summary judgment on its third-party claims, unanimously affirmed, without costs.

Plaintiff in the main action slipped shortly after exiting the staircase from the elevated platform at the IRT station at 161st Street/Yankee Stadium. She testified that she took one or two steps, then slipped on a foreign substance allegedly leaking from pipes overhead. At the time of the accident, a major station renovation, under the auspices of third-party defendant general contractor, was underway. Pursuant to its contract with defendant, third-party defendant was required to refurbish the station, including installation of new drain pipes from the roof of the elevated subway structure and from the mezzanine structure to the sidewalk. The testimony showed, however, that third-party defendant was not responsible for drainage pipes leading from the tracks to the sidewalk, which discharged in the same vicinity as those pipes that were its responsibility.

On this record, issues of fact exist concerning the exact cause of plaintiff's accident, precluding summary judgment in defendant's favor on its third-party claims for contractual and common-law indemnification. Pappas, third-party defendant's representative, unequivocally testified as to pipes in the station that were not its responsibility, specifically, the drain pipes that ran from the track to the sidewalk, which remained the responsibility of defendant Transit Authority. Pappas averred, in his affidavit in opposition to defendant's motion for summary judgment, that there were two pipes in the vicinity of the staircase where plaintiff fell: a drain pipe from the roof (which

would have been third-party defendant's responsibility), and a drain pipe from the tracks (which, according to Pappas's earlier testimony, would be the responsibility of defendant). The liquid on which plaintiff fell may have come from a pipe that necessarily emanated from a different level of the station (i.e., the roof or the track area). The evidence showed that defendant remained in control of the track area of the station. On this record, it cannot be determined which of the two pipes was implicated in plaintiff's accident, and thus, which party, as between defendant and third-party defendant, was negligent.

The fact that third-party defendant may have furnished "flaggers" when work was being performed on the sidewalk or street, or that as general contractor it was responsible for general site safety, is not dispositive. It is well settled that a party may not be indemnified for its active negligence (see General Obligations Law § 5-322.1). Since a triable issue of fact exists regarding the negligence of the respective parties, defendant was not entitled to summary judgment on its third-party claims for indemnification (see Mannino v J.A. Jones Constr. Group, LLC, 16 AD3d 235 [2005]).

We reject defendant's argument that Pappas's affidavit contradicted his earlier deposition testimony. We do note that his testimony, standing alone, raises a triable issue of fact, since he stated that there were track drain pipes not under the control of third-party defendant in the vicinity of plaintiff's accident. Pappas unequivocally testified at his deposition as to drainage pipes within the station for which third-party defendant was not responsible, specifically, those leading from the tracks to the sidewalk. His subsequent affidavit noted that in the specific area where plaintiff fell, there was one such pipe, as well as a pipe leading from the roof to the sidewalk (which would have been third-party defendant's responsibility). Although the affidavit more specifically describes the types of pipes in the immediate vicinity of the area where plaintiff fell, it is not contradictory to the prior deposition testimony, but merely amplifies it. In reaching this conclusion, we have not relied upon the photographs that defendant claims were unauthenticated.

Defendant contends that third-party defendant breached its contractual duty to procure the requisite commercial general liability (CGL) coverage naming defendant as an additional insured. Third-party defendant did in fact obtain CGL coverage, which names defendant as an additional insured. The fact that third-party defendant's insurer denied coverage and a defense, on the ground that the claim did not arise out of its insured's "work," is not tantamount to a failure, on third-party defen-

dant's part, to procure the requisite coverage. Third-party defendant did fail, however, in one respect: it procured CGL coverage with per-occurrence limits of $1 million, rather than the $2 million called for in the parties' contract. Thus, to the extent plaintiff's claim exceeds the $1 million policy limit, third-party defendant remains potentially liable. Concur—Lippman, P.J., Mazzarelli, Williams, Sweeny and Acosta, JJ.