■ RUTH LEGON, Appellant, v PETAKS, Respondent. [898 NYS2d 445]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered May 13, 2009, which granted defendant's motion for summary judgment dismissing the complaint, reversed, on the law, without costs, the motion denied, and the complaint reinstated.

Defendant failed to establish its prima facie entitlement to judgment as a matter of law. Plaintiff sustained injuries when, while looking at a food display counter, her foot became caught in the space between the floor and a metal stand holding wire shopping baskets, which was elevated several inches above the floor, causing her to trip and fall. Plaintiff testified that although she noticed the stack of shopping baskets next to the display counter, she never saw the stand upon which they rested. Under the circumstances, it cannot be determined as a matter of law whether the basket stand, which was covered and concealed by the shopping baskets, was an inherently dangerous condition, or was a readily observable hazard, given its location next to the display case (*see Mauriello v Port Auth. of N.Y. & N.J.*, 8 AD3d 200 [2004]; *Westbrook v WR Activities-Cabrera Mkts.*, 5 AD3d 69, 71-72 [2004]). Concur—Saxe, Moskowitz and Abdus-Salaam, JJ.

Andrias, J.P., and Sweeny, J., dissent in a memorandum by Sweeny, J., as follows: Plaintiff alleges she sustained injuries when she tripped over a rack that held wire shopping baskets. According to plaintiff's deposition, she entered defendant gourmet grocery store and was looking at a glass display case of prepared food. Wire shopping baskets were stacked on a metal stand positioned immediately adjacent to the end of the food display case. The bottom basket in the stand was approximately two inches above the floor.

As she was attempting to look at some food items in the display case, the stack of baskets allegedly prevented her from getting close enough to see the food. She was aware of the stack of baskets on the floor, but did not notice the metal stand on which they stood. Plaintiff stated that the baskets were stacked about two to three feet high and went to the bottom of the display case. As she walked around the baskets to get a better look at the items in the display case, her left foot became caught on the bottom of the stand, causing her to fall and sustain injuries.

Defendant's general manager, Mary Lynch, testified at her deposition that in the two years she worked at the store prior to the accident, the baskets had always been stacked in the same location within the store. She was unaware of any prior accidents or complaints concerning the location of the baskets. Ms. Lynch described the stand for the wire baskets as "a metal stand, not cumbersome, and only comes about three or four inches off the floor just for the bottom basket to sit in as a brace, and there's no side and there's nothing coming out of the side." When the bottom basket is in the stand, the space between the floor and the bottom basket is approximately two inches. She also testified that the rack held 20 baskets and all of them were present at the time plaintiff fell. According to Ms. Lynch, the total height of the baskets came to approximately plaintiff's mid-thigh.

Defendant moved for summary judgment, contending that the baskets were open and obvious, were seen by plaintiff, and did not create an inherently dangerous condition. Plaintiff opposed the motion, arguing that she did not trip over the baskets, but that her foot got caught under the stand, which she did not see, and that as a result, the stand created an unexpected trap. In support of her affidavit in opposition, plaintiff submitted an affidavit from an engineer to the effect that the stand was in fact a trap, and that defendant's failure to place guards or rails around the stack of baskets or otherwise alert customers to the tripping hazard created a dangerous condition.

The court granted defendant's motion, finding that since plaintiff admitted she was aware of the baskets, and the stand was not protruding beyond the stack of baskets, their location in the store was irrelevant because their presence was open and obvious. The court further held that "the absence of an expert affidavit attesting to the negligent design of the stand is dispositive." Additionally, the risk that a customer would move one of her feet under the stand and then trip when attempting to remove it was not foreseeable as a matter of law.

For a condition to be open and obvious, it must be one that could not be overlooked by a person reasonably using his or her ordinary senses (*Tagle v Jakob*, 97 NY2d 165, 169-170 [2001] [holding that a landowner has no duty to warn of such a hazard]). On the other hand, a latent hazard may give rise to a duty to protect others from such a danger (*Sadler v Town of Hurley*, 280 AD2d 805, 806 [2001]). While the issue of whether a hazard is latent or is open and obvious usually turns on specific facts, a court may determine the condition to be open and obvious as a matter of law "when the established facts

compel that conclusion" (*Tagle*, 97 NY2d at 169). "Whether an asserted hazard is open and obvious cannot be divorced from the surrounding circumstances. A condition that is ordinarily apparent to a person making reasonable use of his senses may be rendered a trap for the unwary" depending on the circumstances of each case (*Mauriello v Port Auth. of N.Y. & N.J.*, 8 AD3d 200, 200 [2004] [citation omitted]).

Here, the baskets and their location were open to all observers. Indeed, plaintiff admits that she saw the baskets since they prevented her from viewing the items in the display case.

Nor does plaintiff's expert create a triable issue of fact. Although plaintiff's expert opined that the stand created an extreme tripping hazard, he made no reference to the space between the metal stand and the floor and did not account for the fact that no other tripping incidents involving the baskets or the stand into which they were placed had occurred in the store prior to this incident. There is no claim that the rack upon which the baskets were placed protruded in any way beyond the sides of the baskets. While the expert opined that the placement of the baskets and the failure to warn customers of the dangerous condition they created was a trap for the unwary, he makes only a passing reference to the metal stand which, according to plaintiff, caught her foot and caused her to fall. His opinion is irrelevant and does not create an issue of fact, as plaintiff testified that she saw the baskets and knew they were there. Hence, the hazard that plaintiff and her expert claim caused her injuries was open and obvious and required no additional warnings.

Nor can it be said that there is an issue of fact as to whether defendant met its duty to maintain the premises in a reasonably safe condition. A business proprietor has a duty only to maintain the premises in a "reasonably safe" condition (*Basso v Miller*, 40 NY2d 233, 241 [1976]). This duty is, however, not limitless. "It is an elementary tenet of New York law that '[t]he risk reasonably to be perceived defines the duty to be obeyed' " (*Di Ponzio v Riordan*, 89 NY2d 578, 583 [1997], quoting *Palsgraf v Long Is. R.R. Co.*, 248 NY 339, 344 [1928]). The scope of this duty is one for determination by the court (*Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 584-585 [1994]). In arriving at its determination, a court must look to "whether the relationship of the parties is such as to give rise to a duty of care, whether the plaintiff was within the zone of foreseeable harm and whether the accident was within the reasonably foreseeable risks (*Di Ponzio v Riordan* at 583 [citations omitted]). Moreover, "the risk of injury as a result of defendant's conduct must

not be merely possible, it must be natural or probable" (*Pinero v Rite Aid of N.Y.*, 294 AD2d 251, 252 [2002], *affd* 99 NY2d 541 [2002]).

Here, the uncontroverted facts reveal that the baskets and metal stand in question were placed in the same open location for at least the two years prior to this incident. No reports of accidents involving the baskets or stand were reported during that time and no complaints were received from other customers regarding the location of the baskets. No reports of anyone catching his or her foot under the stand were made to defendant's employees.

There was, therefore, no "natural or probable" reason for defendant to foresee that the placement of these baskets and stand in that location would cause injury to plaintiff.

I would thus grant the motion and dismiss the complaint.