■ GARY DON et al., Respondents, v BARUCH SINGER et al., Appellants, et al., Defendants, et al., Intervenors-Defendants. [939 NYS2d 363]—

An issue of fact exists whether defendant Singer's conduct manifested an intention to be bound as a joint venturer with plaintiffs (*see Richbell Info. Servs. v Jupiter Partners*, 309 AD2d 288, 297-298 [2003]). This conduct included remaining silent when provided with each of the subject agreements and when repeatedly introduced as plaintiffs' partner (*see Russell v Raynes Assoc. Ltd. Partnership*, 166 AD2d 6, 15 [1991]). Contrary to defendants' contention, plaintiffs' claim that Singer's conduct created his obligations under the joint venture does not contradict their deposition testimony that he did not sign the agreement (*see e.g. Castro v New York City Tr. Auth.*, 52 AD3d 213, 214 [2008]). There was no requirement that the joint venture agreement contain a provision that losses be shared since, under the circumstances, there was no reasonable expectation of losses (*see Cobblah v Katende*, 275 AD2d 637, 639 [2000]). Even if there were an expectation of losses, there is a question of whether an agreement to share such losses could be implied from the facts of record (*Richbell*, 309 AD2d at 298).

Issues of fact exist on the question of whether the material that plaintiffs provided Singer was confidential (*see Ashland Mgt. Inc. v Altair Invs. NA, LLC*, 59 AD3d 97, 102 [2008], *mod on other grounds* 14 NY3d 774 [2010]) and whether Singer used the material that plaintiffs provided.

The claim for lost profits is not unduly speculative in light of plaintiffs' expert affidavit (*see Blinds to Go [US], Inc. v Times Plaza Dev., L.P.*, 88 AD3d 838, 840 [2011]) and their detailed profit projections.

We have considered defendants' other contentions and find them unavailing. Concur—Mazzarelli, J.P., Catterson, Renwick, Abdus-Salaam and Manzanet-Daniels, JJ. **[Prior Case History: 2011 NY Slip Op 31993(U).]**