■ ALISON STOLZMAN, Individually and as Administratrix of the Estate of HENRY STOLZMAN, Deceased, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendants. [43 NYS3d 903]—

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered January 16, 2015, which, to the extent appealed from as limited by the briefs, granted the motion of defendants Boulevard Housing Corp. (BHC) and Akam Associates, Inc. (Akam) for summary judgment dismissing the complaint as against them, and sua sponte dismissed the complaint as against the defaulting defendants Manhattan Community Board 7 and Cooper Square Realty Inc., unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated as against BHC, Akam, and the defaulting defendants.

BHC and Akam, the owner and property manager of the premises that abutted a sidewalk where plaintiff Alison Stolzman tripped, established prima facie entitlement to summary judgment based on the testimony and photographic evidence indicating the alleged hazard was open and obvious and not inherently dangerous (see generally Boyd v New York City Hous. Auth., 105 AD3d 542 [1st Dept 2013]).

However, there remain triable issues as to whether the alleged low-lying tripping condition dangerously narrowed the passable area of the sidewalk and was adequately visible at night (see Nunez v Wah Kok Realty Corp., 110 AD3d 560 [1st Dept 2013]; Centeno v Regine's Originals, 5 AD3d 210 [1st Dept 2004]; compare Barchi v Rudin E. 55th St. LLC, 144 AD3d 444 [1st Dept 2016]). Concur—Sweeny, J.P., Renwick, Mazzarelli, Manzanet-Daniels and Feinman, JJ.