Garcia v West 170th Realty Inc. (2019 NY Slip Op 07322)





Garcia v West 170th Realty Inc.


2019 NY Slip Op 07322


Decided on October 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2019

Manzanet-Daniels, J.P., Kern, Oing, Singh, JJ.


10031 303831/11

[*1] Belgica Garcia, Plaintiff-Respondent,
v
West 170th Realty Inc., et al., Defendants, Pride Contracting & Restoration Corp., Defendant-Appellant, Consolidated Edison Company of New York, Inc., Defendant-Respondent.


Carman, Callahan & Ingham, LLP, Farmingdale (Lauren M. Mazzara of counsel), for appellant.
Rheingold Giuffra Ruffo & Plotkin LLP, New York (Jeremy A. Hellman of counsel), for Belgica Garcia, respondent.
Heidell, Pittoni, Murphy & Bach, LLP, New York (Daniel S. Ratner of counsel), for Consolidated Edison Company of New York, Inc., respondent.



Order, Supreme Court, Bronx County (Robert T. Johnson, J.), entered on or about January 8, 2019, which denied defendant Pride Contracting & Restoration Corp.'s (Pride) motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Plaintiff commenced this action seeking damages for personal injuries she sustained when she tripped and fell in January 2010 on yellow warning tape that was laying among orange cones and construction barriers at the sidewalk adjacent to 1345 and 1347 Crowmell Avenue in the Bronx. Pride failed to make a prima facie showing that it did not contract to perform any sidewalk repairs at the premises (Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]; Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Pride's president testified that it performed no work and had no employees between September 2009 and April 2010 and had never performed any work on Cromwell Avenue. However, a sidewalk construction permit issued to Pride for 1345 Cromwell Avenue, that was valid from December 29, 2009 to January 28, 2010, raised a triable issue of fact (Alvarez, 68 NY2d at 324). Pride failed to explain why this permit existed if it performed no work, had no employees, and obtained no work permits from September 2009 and April 2010. Moreover, Pride's president testified that he never searched the company records to determine whether or not the company applied for and received this permit.
Pride's contention that the permit cannot raise an issue of fact because it was issued for 1345 Cromwell Avenue, but plaintiff fell at 1347 Cromwell Avenue is unpersuasive. Both addresses, 1345 and 1347 Cromwell Avenue, were owned by West 170th Realty Inc., whose president testified he hired a contractor named Pride to make sidewalk repairs at one of those two locations. Further, the evidence does not definitively show whether plaintiff tripped on the sidewalk adjacent to 1345 or 1347 Cromwell Avenue.
Nor did Pride establish that defendant Consolidated Edison Company of New York, Inc. created the condition that caused plaintiff's fall. Although Pride's president testified that it did not own any cones and it used different tape and barriers, the president did not testify that Pride [*2]never used warning supplies such as tape, barriers, and cones that may have been left at a work site by third parties. A jury could reasonably conclude that Pride used some supplies that were left at the premises by ConEd to cordon off its work.
Pride also failed to establish, as a matter of law, that the condition that caused plaintiff's accident was open and obvious and not inherently dangerous. Although the photos identified by plaintiff show that the tape, cones, and barriers were readily visible in daylight, plaintiff testified that her accident occurred at night and that there was no streetlight and little illumination where she fell (Keech v 30 E. 85th St. Co., 173 AD3d 645, 645-646 [1st Dept 2019]; Stolzman v City of New York, 146 AD3d 531, 532 [1st Dept 2017]; cf. Sun Ho Chung v Jeong Sook Joh, 29 AD3d 677 [2d Dept 2006]).
We have considered Pride's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 10, 2019
CLERK