Moss v Westside Supermarket LLC (2021 NY Slip Op 05462)





Moss v Westside Supermarket LLC


2021 NY Slip Op 05462


Decided on October 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 12, 2021

Before: Renwick, J.P., Kern, Oing, Mendez, Rodriguez, JJ. 


Index No. 153132/18 Appeal No. 14331 Case No. 2020-03717 

[*1]Susan Moss et al., Plaintiffs-Respondents,
v
Westside Supermarket LLC Doing Business as Westside Market NYC, Defendant-Appellant.


Weiser & McCarthy, New York (Bari R. Shinbaum of counsel), for appellant.
Harris J. Zakarin, P.C., Melville (Harris J. Zakarin of counsel), for respondents.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about July 27, 2020, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants failed to establish prima facie that the leg of the display case that allegedly caught plaintiff's foot, causing her to fall, was an open and obvious condition that was readily observable (see Legon v Petaks, 70 AD3d 457 [1st Dept 2010], appeal withdrawn 14 NY3d 884 [2010]). Indeed, plaintiff testified that in the approximately 25 times that she had patronized the supermarket before the accident she did not notice that the display case had legs. Nor does defendant's photographic evidence show that the leg of the display case was plainly observable and posed no danger to a person making reasonable use of his or her senses (see Pizzolo v Thyssenkrupp El. Corp., 189 AD3d 560 [1st Dept 2020]).
Contrary to defendant's contention, plaintiff's theory that the legs beneath the lower shelf of the display case constituted an unsafe, hidden, and trap-like condition was sufficiently pleaded in the complaint and the bill of particulars to prevent any surprise to defendant, and defendant does not claim to have been prejudiced (see Cordero v 1278 Mini Mkt. Inc., 193 AD3d 479 [1st Dept 2021]; Alarcon v UCAN White Plains Hous. Dev. Fund Corp., 100 AD3d 431, 432 [1st Dept 2012]). Plaintiff's theory of the case, supported by the allegations in her bill of particulars, her deposition testimony, and photographic evidence, has always been that defendant negligently failed to provide an unobstructed means of ingress and egress within the aisle, because the lowest shelf of its display case, to which the shelf's legs are attached, protruded into the aisle, causing a "defective, hidden, trap-like condition[]" and posing a "tripping hazard," and that there was no warning of the danger.
Moreover, there is no dispute that defendant had surveillance footage of the accident before it moved for summary judgment. Since the footage shows that plaintiff fell because her foot became caught in one of the legs of the display case, it was defendant's burden on the motion to address this element of plaintiff's claim (see Valenti v Camins, 95 AD3d 519, 522 [1st Dept 2012]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 12, 2021