Jeremias v Toms Capital LLC (2022 NY Slip Op 02495)

Jeremias v Toms Capital LLC

2022 NY Slip Op 02495

Decided on April 14, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 14, 2022

Before: Acosta, P.J., Kern, González, Shulman, JJ. 

Index No. 655334/18 Appeal No. 15727 Case No. 2021-04375 

[*1]Harry Jeremias, et al., Plaintiffs-Respondents-Appellants,
v
Toms Capital LLC et al., Defendants-Appellants-Respondents, Nicholas Boyle, Defendant-Respondent.

Dontzin Nagy & Fleissig LLP, New York (Tibor L. Nagy, Jr., of counsel), for appellants-respondents.
Tuttle Yick LLP, New York (David G. Skillman of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered October 18, 2021, which, to the extent appealed from, denied defendants Toms Capital LLC and Noam Gottesman's (the Toms defendants) motion for summary judgment dismissing the breach of contract, unjust enrichment, and quantum meruit claims and granted the motion as to the breach of fiduciary duty and breach of implied covenant of good faith and fair dealing claims, granted defendant Nicholas Boyle's motion for summary judgment dismissing the faithless servant claim, and granted plaintiff's/counterclaim defendants' motion for summary judgment dismissing the fraud counterclaim, unanimously modified, on the law, to deny the Toms defendants' motion as to the breach of fiduciary duty and breach of implied covenant of good faith and fair dealing claims, and otherwise affirmed, without costs.
Plaintiff (Jeremias) alleges that he reached an oral agreement with the Toms defendants to jointly develop a property in Manhattan adjacent to defendant Gottesman's residence. Contrary to the Toms defendants' contention, the "underdevelopment fee" that they allegedly agreed to if Gottesman chose not to develop the property fully to the extent permitted was not a liquidated damages provision, since the alleged agreement gave him the option essentially to pay the joint development company for square footage that he chose not to develop (see Truck Rent-A-Ctr. v Puritan Farms 2nd, 41 NY2d 420, 424-425 [1977]; Feiertag v Feiertag, 2 AD3d 574 [2d Dept 2003]). In any event, defendants failed to demonstrate that the price per square foot upon which the underdevelopment fee was allegedly based was disproportionate to the value of the forgone square footage (see Puritan Farms, 41 NY2d at 424-425; JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 380 [2005]).
Further, issues of fact exist as to whether there was a meeting of the minds on the underdevelopment fee. Similarly, issues of fact exist as to whether the one-page document that the Toms defendants provided to plaintiff, which did not contain a merger clause or a no-oral-modifications clause, embodied all the material terms of the agreement (see Saxon Capital Corp. v Wilvin Assoc., 195 AD2d 429, 430 [1st Dept 1993]). Plaintiff submitted evidence, including contemporaneous emails and evidence of the Toms defendants' own conduct, from which a trier of fact could conclude that they had agreed, inter alia, to an underdevelopment fee and that counterclaim defendant Harch Group LLC would be the project developer. Because there is a dispute as to the scope of the agreement, plaintiff may maintain his quasi-contract claims as an alternative to the breach of contract claim (Henry Loheac, P.C. v Children's Corner Learning Ctr., 51 AD3d 476 [1st Dept 2008]).
The faithless servant claim against Boyle was correctly dismissed. Taking preparatory steps, while still in the employer's employ, to enter into a competing business is not a breach of an employee's duty [*2]of loyalty as long as the employee does not use the employer's time or resources to do so (Feiger v Iral Jewelry, 41 NY2d 928 [1977]).
The fraud counterclaim was correctly dismissed because knowledge of whether the tenant of the property intended to exercise its right of first offer to purchase the property was not within the exclusive knowledge of plaintiff, and therefore the Toms defendants were not justified in relying on plaintiff's alleged representation (DDJ Mgt., LLC v Rhone Group L.L.C., 15 NY3d 147, 154 [2010]; 320 Realty Mgt. Co. v 320 W. 76 Corp., 221 AD2d 174 [1st Dept 1995]). In any event, they did not sustain any loss. Regardless of any misrepresentation plaintiff might have made as to whether the tenant intended to exercise its option, once the tenant decided to do so, buying out the option was part of the cost of obtaining the property, and the Toms defendants chose to pay it to complete the deal on which they made a profit of more than $7 million.
The breach of implied covenant of good faith and fair dealing claim should be reinstated because the contours of the agreement are in dispute, and facts exist upon which a trier of fact could find that the Toms defendants defeated plaintiff's right to receive the fruits of the contract (see Demetre v HMS Holdings Corp., 127 AD3d 493, 493-494 [1st Dept 2015]).
The breach of fiduciary duty claim should also be reinstated. Defendants argue that plaintiff cannot establish the existence of any partnership or joint venture (the premise for the fiduciary duty claim), contending that he would not share in any losses because he was not an equity investor in the project. However, there are issues of fact as to whether this was a situation in which there was no reasonable expectation of loss, thus falling under the exception to the general requirement that partners and joint venturers must agree to share in losses as well as profits (see Lebedev v Blavatnik, 193 AD3d 175, 185-186 [1st Dept 2021]; Don v Singer, 92 AD3d 576 [1st Dept 2012], affg 2011 NY Slip Op 31993[U] [Sup Ct, NY County 2011]). Further, contrary to defendants' contention, even to the extent the agreement gave them sole control over all decisions of the development company with respect to the property's development, it did not give them license to self-deal.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 14, 2022