Castro v Village Super Mkt. of NY, LLC (2022 NY Slip Op 07027)

Castro v Village Super Mkt. of NY, LLC

2022 NY Slip Op 07027

Decided on December 13, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 13, 2022

Before: Renwick, J.P., Kapnick, Oing, Moulton, Higgitt, JJ. 

Index No. 22544/19 Appeal No. 16864 Case No. 2022-00628 

[*1]Mary Castro, Plaintiff-Respondent,
v
Village Super Market of NY, LLC, Defendant-Appellant.

Torino & Bernstein, P.C., Mineola (Ellie S. Konstantatos of counsel), for appellant.
Belovin & Franzblau, LLP, Bronx (David A. Karlin of counsel), for respondent.

Order, Supreme Court, Bronx County (Dawn Jimenez-Salta, J.), entered December 15, 2021, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff was injured when she tripped and fell over a plastic shopping basket on the floor of the supermarket that defendant owned and operated. The shopping basket was placed on the floor near the customer service podium, and as plaintiff was talking to an employee there, she stepped to her left and tripped over the basket.
Defendant failed to establish its prima facie entitlement to judgment as a matter of law, since the record presents an issue of fact as to whether the shopping basket constituted an open and obvious condition that was not inherently dangerous (see Simo v City of New York, 205 AD3d 508, 509 [1st Dept 2022]). The photographs and surveillance footage of the accident do not allow a determination as a matter of law that the shopping basket was plainly observable and posed no danger to a person making reasonable use of her senses (Moss v Westside Supermarket LLC, 198 AD3d 461, 462 [1st Dept 2021]). Rather, the evidence shows that the shopping basket was sitting on the floor, low to the ground, next to a large cart with other shopping baskets piled on top of it. (see Legon v Petaks, 70 AD3d 457, 457 [1st Dept 2010], appeal withdrawn 14 NY3d 884 [2010]). Under the circumstances, the basket may well have served as a "trap for the unwary" (Mauriello v Port Auth. of N.Y. & N.J., 8 AD3d 200, 200 [1st Dept 2004]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 13, 2022