Hutson v Regis High Sch. (2024 NY Slip Op 01987)

Hutson v Regis High Sch.

2024 NY Slip Op 01987

Decided on April 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 11, 2024

Before: Oing, J.P., Friedman, Kapnick, Scarpulla, Pitt-Burke, JJ. 

Index No. 152133/20 Appeal No. 2014 Case No. 2023-04163 

[*1]Barbara Hutson, Plaintiff-Respondent,
v
Regis High School, Defendant-Appellant, 38 East 85th Street, Inc., Defendant.

Biedermann Hoenig Semprevivo, P.C., New York (Joseph Kim of counsel), for appellant.
The Law Office of Adam D. White, New York (Adam D. White of counsel), for respondent.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered on or about July 13, 2023, which insofar as appealed from, denied defendant Regis High School's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
In this personal injury action, plaintiff Barbara Hutson was walking by a pile of Christmas trees discarded on the sidewalk behind Regis High School, located at 55 East 85 Street when she tripped and fell on branches protruding from the trees. Supreme Court properly denied Regis's motion for summary judgment, finding triable issues of fact as to whether the pile of Christmas trees was an open and obvious condition and not inherently dangerous (see Stolzman v City of New York, 146 AD3d 531, 531 [1st Dept 2017]; Nunez v Wah Kok Realty Corp., 110 AD3d 560, 560 [1st Dept 2013]). Plaintiff testified that the trees strewn across the sidewalk left a pathway of only about 12 inches wide. The photographs and video evidence raise an issue of fact as to whether jutting branches from the trees were not clearly visible, and whether the branches, upon which plaintiff fell, might be overlooked by a pedestrian under the circumstances allegedly confronted by plaintiff, including pedestrians approaching from the opposite direction and that the branches were almost the same color as the sidewalk (see Juoniene v H.R.H. Constr. Corp., 6 AD3d 199, 200-201 [1st Dept 2004]). The question of whether a condition is open and obvious, and not inherently dangerous is generally a jury question and a court should only determine that a risk was open and obvious, and not inherently dangerous as a matter of law when the established facts compel such a conclusion (see Castro v Village Super Mkt. of NY, LLC, 211 AD3d 506 [1st Dept 2022]; Nunez, 110 AD3d at 500). Whether plaintiff exercised adequate care in negotiating the pathway on the sidewalk presents an issue of comparative fault, and there remains an issue of fact as to whether Regis breached its broader duty to maintain its sidewalk in a reasonably safe condition (see Garrido v City of New York, 9 AD3d 267, 268 [1st Dept 2004]).
The motion court properly considered plaintiff's affidavit submitted in opposition to its summary judgment motion. Her averment that the photographs and the surveillance video established that her "foot snagged on one of the protruding skinny branches causing [her] to fall" merely amplified, and did not contradict, her deposition testimony that she tripped over "a branch that was sticking out" (see Castro v New York City Tr. Auth., 52 AD3d 213, 214 [1st Dept 2008]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 11, 2024