■ JOSEPH PALLADINO, Plaintiff, v UNITED STATES LINES, Defendant and Third-Party Plaintiff-Appellant. MIDLAND INSURANCE COMPANY, Third-Party Defendant-Respondent. — Order, Supreme Court, New York County (Clifford Scott, J.), entered November 15, 1984, which denied the motion of defendant and third-party plaintiff United States Lines (United) for summary judgment against the third-party defendant Midland Insurance Company (Midland), is unanimously modified, on the law, to the extent of granting United partial summary judgment declaring that Midland has the duty to defend defendant United in the main action, and otherwise affirmed, without costs.

In the main action, nonparty to this appeal, plaintiff Joseph Palladino, a longshoreman employed by the Howland Hook

Marine Terminal Corporation (Howland Hook), at its terminal in Staten Island, New York, seeks to recover damages from defendant United for personal injuries he suffered, which allegedly were caused by United's negligence. Plaintiff, in pertinent part, alleges in his complaint that, on February 1, 1980, he was injured when the vehicle he was using to pull containers owned by United overturned, due to the fact that United allegedly overloaded those containers.

Midland is the liability insurer for Howland Hook. Under the Midland policy, Howland Hook is the named insured, and by indorsement thereto, United is an additional named insured, with respect to claims and actions against United resulting from Howland Hook's terminal operations.

After Midland declined coverage, United commenced the instant third-party action against Midland, for the purpose of seeking a declaration that Midland is obligated under the subject policy to indemnify and defend United in the main action. Third-party defendant Midland, in its answer, *inter alia,* disclaimed liability, upon the basis that United's alleged negligence was not covered by the policy, since it did not involve terminal operations.

Subsequent to the joinder of issue, United moved for summary judgment in this third-party action. Special Term denied the motion.

We disagree.

Our examination of the record leads us to conclude that there may be a triable issue of fact as to Midland's responsibility to *indemnify* United, in view of the fact that United may have been negligent in packing and/or loading the containers before they arrived at the Staten Island terminal. However, we find that, pursuant to the provisions of the policy, there is no triable issue as to the fact that Midland has an absolute duty to *defend* United, as an additional insured, in the main action, just as surely as it must defend the policyholder. The instant accident occurred when United was engaged in terminal operations involving the plaintiff who, as mentioned *supra,* was employed at the terminal. Under the terms of the policy, as mentioned *supra,* the peril protected against is claims and actions against United concerning terminal operations. It is well-established law that an insurer's duty to defend is broader than its obligation to indemnify (*International Paper Co. v Continental Cas. Co.,* 35 NY2d 322, 326; 31 NY Jur, Insurance, § 1324). The insurer's "duty to defend arises whenever the allegations in a complaint against the insured fall within the scope of the risks undertaken by the insurer, regardless of how false or groundless those

allegations might be" (*Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 310). Since the allegations contained in the instant complaint contend, *inter alia,* that United failed to provide plaintiff with a safe place to work at the terminal, and that United failed to take steps to avoid the accident at the terminal, although it was foreseeable, we hold that the complaint's allegations may be considered to "rationally * * * fall within policy coverage" (*Schwamb v Fireman's Ins. Co.,* 41 NY2d 947, 949) and, therefore, Midland has a duty to *defend* United. Concur — Murphy, P. J., Sullivan, Ross, Lynch and Kassal, JJ.