■ LAWRENCE D. KEATING et al., Appellants, v JAMES COOKINGHAM et al., Defendants and Third-Party Plaintiffs-Respondents. CITY OF POUGHKEEPSIE, Third-Party Defendant-Respondent. [636 NYS2d 903] —Casey, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Jiudice, J.), entered August 18, 1995 in Dutchess County, which, upon reconsideration, adhered to its prior decision, *inter alia*, granting the mo-

tion of defendants for summary judgment dismissing the complaint.

Plaintiff Lawrence D. Keating was a laborer working the back of a garbage truck for third-party defendant when he injured his back emptying one of two 20-gallon plastic garbage cans. Each uncovered can contained what Keating described as wet construction debris and weighed 80 to 90 pounds. It had rained during the night. Plaintiffs commenced this action against defendants, the owners of the residence adjacent to where the cans were found. Plaintiffs allege that defendants negligently overloaded the cans. After issue was joined and discovery completed, defendants and third-party defendant moved for summary judgment dismissing the complaint and third-party complaint, respectively. Supreme Court granted the motions and, upon plaintiffs' motion for reconsideration, adhered to its prior decision. Plaintiffs appeal.

Defendant Georgina Harris stated that she was responsible for and carried the premises' trash to the curb, that she put the trash out during the evening before pickup, that she had two cans, one made of plastic and the other made of metal, and that during the subject time period the premises' trash contained no construction debris. Defendants clearly established that the construction debris was not their trash and that they had not overloaded their cans. Supreme Court was correct in finding that only speculation linked the construction debris and excess weight to defendants (see, Zuckerman v City of New York, 49 NY2d 557).

Moreover, in dragging the subject cans into the street, Keating was aware of their weight. He was aware of his right to leave any can weighing in excess of 50 to 60 pounds. Similarly, Keating was aware of the availability of his co-worker, who was at the rear of the truck at the time, to assist him. There were no hidden hazards within the waste. At the time Keating was confronted with the decision as to how to proceed when confronted with the heavy cans, he was at a point of safety with safe options. While the weight attributed to the cans is in excess of the 75-pound limit set by City of Poughkeepsie Code of Ordinances § 9-22, which deals with the preparation of trash for collection, that ordinance merely requires compliance or collection will not be made. Accordingly, summary judgment was properly granted.

Mercure, J. P., White, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.