■ JAMES S. ANDERSON, Respondent, v BUSH INDUSTRIES, INC., Appellant. [720 NYS2d 699] —Order unanimously reversed on the law without costs, cross motion denied, motion granted and complaint dismissed. Memorandum: Plaintiff, a driver for United Parcel Service (UPS), commenced this action seeking damages for personal injuries he sustained allegedly as a result of being required to lift heavy boxes piled on the loading dock at the factory owned by defendant, Bush Industries, Inc., and load them into his truck. He alleged that defendant's employees were negligent in piling the boxes at such a height that he was required to reach over his head to retrieve those at the top of the piles, and that as a result he sustained long thoracic nerve palsy. Defendant moved for summary judgment dismiss-

ing the complaint and plaintiff cross-moved for permission to amend his bill of particulars to allege a violation of Labor Law § 200. Supreme Court denied the motion and granted the cross motion. We reverse.

Labor Law § 200 is a codification of the common-law duty imposed upon an owner or general contractor to provide employees with a safe place to work (*see, Jock v Fien,* 80 NY2d 965, 967; *see also, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877; *Russin v Picciano & Son,* 54 NY2d 311, 316-317). Although that duty extends to employees of a contractor, there are two exceptions to that duty that are relevant here. The duty does not extend to "hazards which are part of or inherent in the very work which the contractor is to perform" (*Gasper v Ford Motor Co.,* 13 NY2d 104, 110, *mot to amend remittitur granted* 13 NY2d 893; *see also, Akinwande v City of New York,* 260 AD2d 586, 587, *lv dismissed in part and denied in part* 93 NY2d 1030; *Cannon v State of New York,* 232 AD2d 444, *lv denied* 89 NY2d 810; *Stephens v Tucker,* 184 AD2d 828, 829). Here, the hazard of being injured as a result of repeatedly lifting heavy boxes and loading them into a truck is inherent in the work of a UPS driver. Plaintiff's injury did not result from a defective condition in defendant's plant, but rather, resulted from a risk inherent in the work that was the subject of the contract between plaintiff's employer and defendant.

Additionally, with respect to both common-law negligence and Labor Law § 200, an owner does not owe a duty to protect a contractor's employee from hazards resulting from the contractor's methods over which the owner exercises no supervisory control (*see, Comes v New York State Elec. & Gas Corp., supra,* at 877; *Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 505; *Lombardi v Stout,* 80 NY2d 290, 295; *Gasper v Ford Motor Co., supra,* at 110-111). Defendant submitted evidence establishing that its contract with UPS contained no provision concerning the height to which boxes could be piled on defendant's loading dock and that it was the responsibility of UPS, in carrying out its responsibilities under the contract, to determine the manner in which the work was to be performed. Defendant established that the injury was the result of the methods utilized by plaintiff's employer, and plaintiff failed to raise an issue of fact. (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Hayes, Scudder and Kehoe, JJ.