■ Maria T. Sanchez, Respondent, v Lehrer McGovern Bovis, Inc., et al., Appellants. Bovis Lend Lease LMB, Inc., Third-Party Plaintiff-Respondent, v Manhattan Demolition Co., Inc., Third-Party Defendant-Appellant. [756 NYS2d 44] —Order, Supreme Court, New York County (Marylin Diamond, J.), entered on or about August 12, 2002, which, in an action by a hotel housekeeper for personal injuries sustained when she tripped over a groove in the concrete floor in a portion of the hotel undergoing renovation, denied motions by defendants general contractor and demolition contractor for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The record does not permit findings as to the extent of defendant Lehrer McGovern Bovis's responsibility for site safety and control over the demolition contractor's work. In this regard, we note such defendant's failure to produce its

contracts with the hotel and the contractor (*cf. Crespo v Triad, Inc.*, 294 AD2d 145, 146 [2002]), and evidence that such defendant coordinated and scheduled the work at the site, directed the demolition contractor's foreman as to the work to be performed each day and shared responsibility for covering holes. Concerning the demolition contractor, evidence that it was the only entity that had performed demolition work on the floor where plaintiff fell, that such work involved ripping off all floor coverings and may have included the use of scrappers and "chipping guns," and that plaintiff had observed grooves in the floor immediately after the contractor had finished its work some months before she fell, constitutes circumstances that, viewed in the light most favorable to plaintiff, permit a reasonable inference that the contractor's work created the groove or uncovered it (*see Schneider v Kings Highway Hosp. Ctr.*, 67 NY2d 743, 744 [1986]; *cf. Healy v ARP Cable*, 299 AD2d 152, 154-155 [2002]). Assuming the groove was readily observable, such fact would not negate defendants' liability for failing to keep the premises reasonably safe (*see Orellana v Merola Assoc.*, 287 AD2d 412, 413 [2001]; *Gaffney v Port Auth.of N.Y. & N.J.*, 301 AD2d 424 [2003]) but rather be a factor to be considered as part of comparative negligence. We have considered defendants' other arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Saxe, Ellerin and Williams, JJ.