■ Maria Garrido et al., Appellants, v City of New York, Defendant, and Schiavone Construction Co., Inc., et al., Respondents. [779 NYS2d 208]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered July 23, 2003, which granted summary judgment to defendants Schiavone Construction Co., Inc. and Schiavone American Bridge Corp. (collectively Schiavone), unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated as against said defendants.

Plaintiff Maria Garrido sustained a fractured elbow when she tripped over a construction sign that had broken and fallen onto the sidewalk. She was walking down Jerome Avenue with two of her grandchildren, pushing one of them in a baby carriage and looking straight ahead when she fell over the sign, described as six feet long and four feet high and lying on the ground. Supreme Court granted Schiavone's motion for summary judgment dismissing the complaint, reasoning that the hazard was open and obvious.

Establishing that a hazardous condition is open and obvious

relieves a party charged with maintaining the premises of the duty to warn of the condition (*Tarricone v State of New York*, 175 AD2d 308, 309 [1991], *lv denied* 78 NY2d 862 [1991]). It does not abate the duty to maintain the premises in a reasonably safe condition (*Westbrook v WR Activities-Cabrera Mkts.*, 5 AD3d 69, 72-73 [2004]). For a condition to be open and obvious as a matter of law, it must be one that could not be overlooked by any observer reasonably using his or her ordinary senses (*Tagle v Jakob*, 97 NY2d 165 [2001]). Ordinarily, this is a question for the trier of fact unless "the established facts compel that conclusion . . . on the basis of clear and undisputed evidence" (*Tagle* at 169). Here, both the testimony and photographs taken of the sign establish that it was clearly visible from all directions. However, the failure to observe the sign goes only to the question of comparative fault (*see Centeno v Regine's Originals*, 5 AD3d 210 [2004]; *Cohen v Shopwell, Inc.*, 309 AD2d 560 [2003]), and an issue of fact remains whether Schiavone breached its broader duty to maintain the premises in a reasonably safe condition (*see MacDonald v City of Schenectady*, 308 AD2d 125, 126-127 [2003]). Concur—Tom, J.P., Sullivan, Williams, Lerner and Gonzalez, JJ.