■ SALVATORE MANNINO et al., Appellants-Respondents, v J.A. JONES CONSTRUCTION GROUP, LLC, Respondent-Appellant, et al., Defendant. J.A. JONES CONSTRUCTION GROUP, LLC, et al., Third-Party Plaintiffs-Appellants-Respondents, v CASALINO INTERIOR DEMOLITION CORP., Third-Party Defendant-Respondent-Appellant. [792 NYS2d 32]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered February 25, 2003, which granted plaintiffs' motion for partial summary judgment as to liability under Labor Law § 240 (1) as against defendant Rockefeller University but denied that motion as against the Jones defendants, and denied defendants' cross motion for summary judgment on their third-party claim for contractual indemnification, unanimously modified, on the law, plaintiffs' motion as against Jones granted, and otherwise affirmed, without costs.

Plaintiff Salvatore Mannino, a demolition foreman for third-party defendant Casalino, was injured when he fell approximately 12 feet to the floor below while removing metal grating covering a hole in the roof of a building owned by Rockefeller that was undergoing renovation. The injured worker, who allegedly requested that the construction manager provide him with scaffolding, was not provided with scaffolding or other safety devices. He fell through the hole when a wooden plank fell from a stack of planks and struck him in the leg. Although the motion court properly granted partial summary judgment as against the building owner on the issue of liability on the Labor Law § 240 (1) claim, it should have granted the same relief against the construction manager which was also the owner's statutory agent on the project (*see Falsitta v Metropolitan Life Ins. Co.*, 279 AD2d 879 [2001]; *and see Rizzo v Hellman Elec. Corp.*, 281 AD2d 258 [2001]). That the accident may not have been witnessed by others does not bar summary judgment in plaintiff's favor, since there was no substantiated challenge to his credibility (*see Klein v City of New York*, 89 NY2d 833 [1996]).

The motion court properly determined that the provision in the contract between Jones and Casalino allowing for partial indemnification does not run afoul of General Obligations Law § 5-322.1, since it contains the requisite language limiting Casalino's obligation to that permitted by law (*see Dutton v Charles Pankow Bldrs.*, 296 AD2d 321 [2002], *lv denied* 99 NY2d

511 [2003]). However, neither of the defendants was entitled to summary judgment on their cross motion for contractual indemnification in light of outstanding issues as to whether Jones was actively negligent and contributed to plaintiff's accident.

With regard to the third-party defendant's cross appeal, we note that Casalino merely opposed the cross motion by Jones/Rockefeller for summary judgment on the contractual obligation to defend and indemnify, but did not seek summary relief in voiding that provision. We have considered the parties' remaining contentions for affirmative relief and find them unavailing. Concur—Mazzarelli, J.P., Marlow, Williams, Gonzalez and Catterson, JJ.