GANI BAJRUSHI, Appellant, v GOMO CORPORATION et al., Defendants, and GRACE GENERAL CONSTRUCTION CORPORATION, Respondent. [794 NYS2d 355]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered March 25, 2004, which, in an action for personal injuries sustained in a slip and fall in front of premises undergoing renovation, granted motions by defendants lessee (Gomo) and demolition contractor (Grace) for summary judgment dismissing the complaint as against them, unanimously modified, on the law, to deny Grace's motion and reinstate the complaint and all cross claims as against it, and otherwise affirmed, without costs.

Grace contends that it could not have created the alleged greasy condition in front of the premises since it had commenced its work in the beginning of July 2000 or at the latest sometime in August, and thus had to have finished the eight-day job weeks before plaintiff's September 15, 2000 accident. However, the only evidence to support this contention, the deposition testimony of Grace's principal, is directly contradicted by, first,

the testimony of Gomo's partner that the work could not have commenced until after he signed the lease for the premises on July 21, 2000, and that the work might not have been completed until the end of August or even later because of the difficulty in obtaining permits. Further, the July 21, 2000 lease and the permit application signed by Gomo's partner on September 10, 2000 and granted on September 22, 2000 also tend to contradict Grace's claim as to when it started and completed its work. This, together with plaintiff's testimony that he lived a block away and had seen the construction and accompanying debris during the week prior to his accident, satisfied plaintiff's prima facie burden of showing that Grace either created the alleged greasy condition or had actual or constructive notice thereof (see Sanchez v Lehrer McGovern Bovis, 303 AD2d 244 [2003]). However, as against Gomo, the action was properly dismissed in the absence of evidence tending to show that it was negligent in selecting Grace or exercised any control over the manner in which the latter did its work (see Kleeman v Rheingold, 81 NY2d 270, 274 [1993]). We note that the evidence shows that it was Gomo's architect who selected Grace, and that there is no evidence permitting a reasonable inference that Gomo had notice of the alleged greasy condition. Concur—Andrias, J.P., Marlow, Sullivan, Gonzalez and Sweeny, JJ.