■ BENJAMIN DEJESUS et al., Respondents, v F.J. SCIAME CONSTRUCTION CO., INC., Respondent, and COMPLETE CONSTRUCTION CONSORTIUM, INC., Appellant. F.J. SCIAME CONSTRUCTION CO., INC., Third-Party Plaintiff-Respondent, v COMPLETE CONSTRUCTION CONSORTIUM, INC., et al., Third-Party Defendants-Appellants. [799 NYS2d 449]—

Order, Supreme Court, Bronx County (Nelson Roman, J.), entered March 17, 2004, which, to the extent appealed from as limited by the briefs, granted third-party plaintiff Sciame Construction's motion for contractual indemnification from third-party defendant Complete Construction, and denied Complete Construction's cross motion for summary judgment dismissing the complaint and the third-party complaint, unanimously modified, on the law, third-party plaintiff's motion denied, and otherwise affirmed, without costs.

Although the raised metal door frame on which plaintiff tripped was open, obvious and readily observable, this fact only eliminated defendant contractors' duty to warn of the hazardous condition; it did not negate their broader duty to maintain the workplace in a reasonably safe condition. Accordingly, plaintiff's failure to observe the door frame goes only to the question of comparative negligence (see Garrido v City of New York, 9 AD3d 267 [2004]; Sanchez v Lehrer McGovern Bovis, 303 AD2d 244, 245 [2003]). An issue of fact remains as to whether Complete Construction, the carpentry subcontractor who constructed and installed the door in question, and Sciame, the general contractor whose duties included touring the building, addressing complaints and taking care of any unsafe conditions, were negligent in creating or failing to remedy such a condition.

The motion court erred in granting Sciame's claim for contractual indemnification from Complete Construction. Issues of fact remain as to whether Sciame was actively negligent and contributed to plaintiff's accident (see Mannino v J.A. Jones Constr. Group, LLC, 16 AD3d 235, 237 [2005]; McKenna v

*Lehrer McGovern Bovis*, 302 AD2d 329, 331 [2003]). Concur—Saxe, J.P., Friedman, Nardelli, Gonzalez and Catterson, JJ.