■ NEHME IMTANIOS, Respondent, v GOLDMAN SACHS et al., Defendants and Third-Party Plaintiffs-Respondents. AMERICAN BUILDING MAINTENANCE Co., Third-Party Defendant-Appellant. [843 NYS2d 569]—

Order of the Appellate Term of the Supreme Court of the State of New York, First Department, entered on or about November 18, 2005, which reversed an order of Civil Court, New York County (Geoffrey D. Wright, J.), entered December 30, 2004, and reinstated the complaint against defendants Goldman Sachs and Jones Lang LaSalle Management, Inc. (Jones Lang) and the third-party complaint against American Building Maintenance Company (ABM), reversed, on the law, without costs, and the complaint and third-party complaint dismissed. The Clerk is directed to enter judgment accordingly.

In this action to recover damages for personal injuries, plaintiff Nehme Imtanios, a porter employed by ABM, alleges that in May 2000, as he was taking out the trash at the premises occupied by Goldman Sachs at 85 Broad Street, he slipped on a metal computer part that had been left on the floor. Jones Lang, the property manager for the premises, had hired ABM to perform cleaning and janitorial services at the location. Jones Lang entered into a service agreement on behalf of Goldman Sachs with ABM for that purpose.

According to the service agreement, ABM was to provide trash removal, and maintenance of common areas and freight elevator areas. ABM agreed to indemnify Goldman Sachs for any claims arising out of ABM's negligent performance of its duties or out of any breach by ABM of the terms of the service agreement.

Plaintiff, who had worked for ABM for 11 years, testified at his deposition that his duties included going into the bathrooms and pantries to remove trash and to bring it to the freight elevator area on each floor. Plaintiff testified that on the day of the

accident, he entered the freight elevator area with trash and saw that there were computer parts, such as monitors, keyboards, mouse pads, and wires on the floor near the elevator, in front of the trash bin. As he walked to the bin to place the trash in it, he slipped and fell on a metal computer part.

In June 2001, plaintiff commenced this action against Goldman Sachs and Jones Lang, alleging that they had been negligent in, inter alia, maintenance of the premises. In May 2003, defendants commenced a third-party action against ABM, asserting claims for, inter alia, contribution and contractual indemnification.

In December 2004, the Civil Court granted defendants' summary judgment motion to dismiss plaintiff's complaint against them. In so doing, the court found that the computer parts on the floor near the freight elevator constituted an open and obvious condition. Further, the court found, the items on the floor were "part of or inherent in" the very work being performed. Both these conclusions, the court found, foreclosed any claim of negligence against Goldman Sachs or Jones Lang. Consequently, the court also dismissed the third-party action against ABM.

In November 2005, Appellate Term reversed, finding that although the condition that caused plaintiff's injury may have been open and obvious, that condition "only eliminated defendants' duty to warn of the hazardous condition; it did not negate their broader duty to maintain the workplace in a reasonable safe condition." Thus, Appellate Term found, plaintiff's failure to observe the metal computer part went only to the question of comparative negligence. Further, the court found that issues of fact remained as to whether defendants were negligent in creating or failing to remedy the situation of computer parts on the floor, particularly in view of the deposition testimony stating that the ABM cleaning staff was unable to remove computer parts without prior authorization from Goldman Sachs. Finally, the court found that, with respect to defendants' indemnification claim against ABM, issues of fact remained which precluded summary judgment under the specific terms of the contract.

ABM now appeals from the order reinstating the third-party claim against it. With respect to the third-party complaint, ABM argues that because Goldman Sachs and Jones Lang did not file an appeal from that part of the Civil Court order dismissing the third-party action with the complaint, the Appellate Term erred in reinstating their third-party action against ABM on plaintiff's appeal. However, as Goldman Sachs and Jones Lang correctly assert, the Civil Court order, in granting their motion for sum-

mary judgment in the main action, of necessity dismissed the third-party action against ABM without addressing that action's merits, as the action was rendered academic by dismissal of the main action (see e.g. *Adamczyk v Hillview Estates Dev. Corp.*, 229 AD2d 940 [1996], *lv denied* 89 NY2d 801 [1996]).

Goldman Sachs and Jones Lang further assert that, since they were not aggrieved by the Civil Court's order they had no standing to file a notice of appeal from the order, and had they filed one, the Appellate Term could not properly have entertained it (see *TAG 380, LLC v ComMet 380, Inc.*, 40 AD3d 1, 9-10 [2007]).

Had Appellate Term correctly reversed the order of the Civil Court as to defendants Goldman Sachs and Jones Lang, it would have been correct also in reinstating the third-party claim against ABM. We find, however, that Appellate Term erred in reinstating the complaint as against the defendants.

While it is true that defendants generally have a duty to provide plaintiff with a safe workplace, open and obvious hazards notwithstanding (see *DeJesus v F.J. Sciame Constr. Co., Inc.*, 20 AD3d 354 [2005]), this case is largely controlled by our recent holding in *Jackson v Board of Educ. of City of N.Y.* (30 AD3d 57 [2006]).

In *Jackson*, the plaintiff was employed by Aramark Educational Services, the exclusive food services contractor for the Fashion Institute of Technology (FIT). The plaintiff was responsible for sweeping and mopping the same area where he was later injured when he slipped and fell on a food substance. We held in *Jackson* that "since it was plaintiff's job to clean the floor of the type of foreign substance (vegetable matter) that he slipped on, FIT owed him no duty to keep the floor clean of such material" (*Jackson*, 30 AD3d at 63).

In the instant case, plaintiff was employed as a porter by ABM which was responsible for the cleaning and janitorial services of the premises. The contract between Goldman Sachs and ABM provided, among other things, that ABM was to clean the "Common Space—including elevator and freight lobbies." Plaintiff slipped and fell on a metal computer piece in the area which his employer was responsible for keeping free of debris. While plaintiff testified that his duties were limited to removing trash from receptacles and taking it to the freight elevator, his job entailed placing it in trash bins located in an area where trash was usually discarded. The record establishes that the plaintiff's job necessarily entailed walking near, or through, discarded computer parts and other debris. Contrary to the dissent's viewpoint, the hazard of falling on such debris was inher-

ent to plaintiff's job (*see e.g. Anderson v Bush Indus.*, 280 AD2d 949 [2001] [finding that hazard of injury from repeatedly lifting heavy boxes and loading them into a truck inherent in the work of a UPS driver]; *see also Marin v San Martin Rest.*, 287 AD2d 441 [2001] [hazard of injury from lifting a heavy garbage bag and loading it into a sanitation truck inherent in the work of a sanitation worker]). Thus, defendants Goldman Sachs and Jones Lang owed no duty to plaintiff to keep the floor clean so that the plaintiff could perform his job to clean the premises. Such a view would lead inexorably to the absurd conclusion that defendants' duty was to hire a cleaning service to clean the premises for the cleaning service. Concur—Nardelli, Gonzales, Sweeny and Catterson, JJ.

Saxe, J.P., dissents in a memorandum as follows: I would affirm the order of Appellate Term, which reinstated the complaint against defendants Goldman Sachs and Jones Lang LaSalle Management, Inc., along with their third-party complaint against American Building Maintenance.

Plaintiff alleges that in the course of his employment as a porter for American Building Maintenance, he fell and was injured when he slipped on a discarded computer part or accessory which he identified at his deposition as a metal mouse pad, one of a number of discarded computer parts that were strewn on the floor near the freight elevator.

Appellate Term properly held that since the open and obvious nature of a hazard does not necessarily absolve defendants of the duty to provide plaintiff with a safe workplace (*see Mizell v Bright Servs., Inc.*, 38 AD3d 267 [2007]; *DeJesus v F.J. Sciame Constr. Co., Inc.*, 20 AD3d 354 [2005]; *Garrido v City of New York*, 9 AD3d 267 [2004]; *Juoniene v H.R.H. Constr. Corp.*, 6 AD3d 199, 201 [2004]), dismissal is not warranted by the mere assertion that the computer parts on the floor were open and obvious. Moreover, plaintiff's failure to observe and avoid the hazard could only be considered on the question of his comparative negligence (*see DeJesus v F.J. Sciame Constr.*, 20 AD3d at 354; *Garrido v City of New York*, 9 AD3d at 268). Indeed, plaintiff's acknowledgment that he had observed discarded computer parts lying on the floor near the freight elevator before he slipped does not necessarily establish that he either saw or should have seen and avoided the particular item on which he slipped.

The Civil Court erroneously relied on cases which hold that a property owner's duty to employees working at the site does not extend to hazards which are inherent in the work the employee was hired to perform (*see Gasper v Ford Motor Co.*, 13 NY2d

104, 110 [1963]; *Bombero v NAB Constr. Corp.*, 10 AD3d 170, 171 [2004]). In such cases, the concept of an "inherent" hazard involves a risk that is particular to that job, such as a sanitation worker's or UPS driver's obligation to lift heavy items (*see Marin v San Martin Rest.*, 287 AD2d 441 [2001]; *Anderson v Bush Indus.*, 280 AD2d 949 [2001]), or a construction site inspector's need to traverse steel reinforcement bars in order to inspect them (*see Bombero v NAB Constr. Corp., supra*). The risk of the presence on the floor of discarded property is only "inherent" in plaintiff's job as a building porter to the same extent that it is inherent in the life of any person working in or passing through the building. This hazard should be distinguished from a particular risk inherent in undertaking a particular job, and cases applicable to such particular inherent risks are not controlling here.

The reinstatement of plaintiff's complaint properly warranted the reinstatement of defendants' third-party complaint against plaintiff's employer. [*See* 10 Misc 3d 126(A), 2005 NY Slip Op 51867(U).]