■ VERGINIA STEWART, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [844 NYS2d 696]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered October 20, 2006, which, in an action for personal injuries sustained when plaintiff tripped and fell over a wooden board in a subway station, denied defendant's motion for summary judgment, unanimously affirmed, without costs.

Issues of fact exist, including whether the board over which plaintiff tripped was open and obvious, and, if so, the extent of plaintiff's comparative negligence, if any (see Orellana v Merola Assoc., 287 AD2d 412, 413 [2001]; DeJesus v F.J. Sciame Constr. Co., Inc., 20 AD3d 354, 354 [2005]). Such issues are raised by plaintiff's testimony that although she was aware of the ongoing construction in the subway station around the pedestrian walkway where she tripped, her view of the particular board on which she was walking was obstructed by a crowd of people (see Argenio v Metropolitan Transp. Auth., 277 AD2d 165, 166 [2000]; George v New York City Tr. Auth., 306 AD2d 160, 161 [2003]). Furthermore, although defendant claims that it is undisputed that the boards used to cover trenches were painted yellow and had sloped edges, the record is devoid of testimony regarding the specific board on which plaintiff tripped (cf. Argenio at 165-166, citing, inter alia, Trincere v County of Suffolk, 90 NY2d 976 [1997]). Concur—Mazzarelli, J.P., Marlow, Williams, Catterson and Kavanagh, JJ.