■ WILSON SEPULVEDA-VEGA, Appellant, v SUFFOLK BANCORP., Respondent. [989 NYS2d 371]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Mayer, J.), dated April 30, 2013, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly sustained personal injuries while lifting a bag of coins as part of his assigned duties as a courier for an armored car service. Thereafter, the plaintiff commenced this action against the defendant, the owner of the bank where the incident occurred, alleging, inter alia, that the defendant and its employees created a dangerous and defective condition by allowing the bag of coins to be overfilled.

The defendant established its prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that the subject bag of coins was not over an accepted or contractually agreed upon weight at the time of the alleged incident, and that the plaintiff's injury resulted from a risk inherent in his assigned work as a courier for an armored car service (*see Wagner v Wody*, 98 AD3d 965, 966 [2012]; *Marin v San Martin Rest.*, 287 AD2d 441 [2001]; *Anderson v Bush Indus.*, 280 AD2d 949, 950 [2001]). Moreover, the defendant demonstrated, prima facie, that the plaintiff elected to lift the bag with only one hand. Where, as here, a worker "confronts the ordinary and obvious hazards of his employment, and has at his disposal the time and other resources (e.g., a co-worker) to enable him to proceed safely, he may not hold others responsible if he elects to perform his job so incautiously as to injure himself" (*Abbadessa v Ulrik Holding*, 244 AD2d 517, 518 [1997]; *see Wagner v Wody*, 98 AD3d at 966). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Chambers, Lott and Roman, JJ., concur.