In an action to recover damages for personal injuries, the de *1071 fendant Whitestone Construction Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Ash, J.), dated March 25, 2015, as denied those branches of its motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it.
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly sustained personal injuries when his foot went into an uncovered drain in the roof of a building, causing him to fall. At the time of the accident, the plaintiff was employed by a nonparty subcontractor which had been retained by a general contractor, the defendant Whitestone Construction Corp. (hereinafter the defendant), to perform roof repair work. The exposed drain in the roof was allegedly 12 inches wide and 6 inches deep. The defendant’s project manager and field supervisor stated that the uncovered drain should have been filled with material. The field supervisor stated that with the material inside the uncovered drain, it would not have been possible for a person’s foot to go into the drain. The plaintiff subsequently commenced this action against, among others, the defendant. The defendant moved for summary judgment dismissing, inter alia, the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it. The Supreme Court denied those branches of the defendant’s motion, and the defendant appeals.
Labor Law § 200 codifies the common-law duty to maintain a safe work site (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352 [1998]). Where a plaintiff’s injuries arise not from the manner in which the work was performed, but from a dangerous condition on the premises, a defendant may be liable in common-law negligence and under Labor Law § 200 if it “ ‘either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition’ ” (Torres v St. Francis Coll., 129 AD3d 1058, 1061 [2015], quoting Rojas v Schwartz, 74 AD3d 1046, 1047 [2010]; see Ortega v Puccia, 57 AD3d 54, 61 [2008]).
Here, the defendant failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it. The defendant failed to establish, prima facie, that it did not create the alleged hazardous condition or have actual or constructive *1072 notice of it (see generally Gordon v American Museum of Natural History, 67 NY2d 836 [1986]). Moreover, contrary to the defendant’s contention, it failed to establish, prima facie, that it cannot be held liable for the plaintiff’s injuries on the ground that the condition of the exposed drain constituted an ordinary and obvious hazard of his employment (see generally Sepulveda-Vega v Suffolk Bancorp., 119 AD3d 850 [2014]; Wagner v Wody, 98 AD3d 965, 966 [2012]; Spence v Island Estates at Mt. Sinai II, LLC, 79 AD3d 936 [2010]).
The defendant’s remaining contentions are without merit.
Since the defendant failed to meet its initial burden as the movant, it is not necessary to review the sufficiency of the plaintiff’s opposition papers. Accordingly, the Supreme Court properly denied those branches of the defendant’s motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against it.
Chambers, J.P., Austin, Roman and Duffy, JJ., concur.