Moody v Kelly Drye & Warren, LLP (2018 NY Slip Op 02454)





Moody v Kelly Drye & Warren, LLP


2018 NY Slip Op 02454


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2017-02307
 (Index No. 510900/14)

[*1]William Moody, respondent,
v Kelly Drye & Warren, LLP, appellant.


Downing & Peck, P.C., New York, NY (Marguerite D. Peck and Michael P. McDermott of counsel), for appellant.
Fedrizzi & Associates, P.C., Astoria, NY (Linda F. Fedrizzi of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated February 8, 2017, which denied its motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
The plaintiff allegedly sustained injuries during the course of his employment as a maintenance worker for a nonparty, which provided property management services for the subject building. The plaintiff's duties included removing the tenants' garbage, which was left in the freight elevator area of each floor of the building. At the time of the accident, the defendant, Kelley Drye & Warren, LLP, incorrectly sued herein as Kelly Drye & Warren, LLP, leased floors in the 48-story building, including the 28th floor where the accident occurred. According to the plaintiff's deposition testimony, one of the garbage bags on the 28th floor was very heavy, and he called one of his coworkers for assistance. When the plaintiff lifted the bag with this coworker, the bag still felt heavy. After taking a couple of steps toward the freight elevator, he heard a pop in his back and fell to the floor. The plaintiff commenced this personal injury action against the defendant. The Supreme Court denied the defendant's motion for summary judgment dismissing the complaint, and the defendant appeals.
The defendant established its prima facie entitlement to judgment as a matter of law dismissing the complaint by submitting evidence demonstrating that the subject garbage bag was not over a weight accepted or contractually agreed upon by the defendant and the plaintiff's employer at the time of the alleged incident, and that the plaintiff's injury resulted from a risk inherent in his assigned work as a maintenance worker (see Sepulveda-Vega v Suffolk Bancorp., 119 AD3d 850; Wagner v Wody, 98 AD3d 965, 966; Marin v San Martin Rest., 287 AD2d 441; Anderson v Bush Indus., 280 AD2d 949, 950). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
RIVERA, J.P., COHEN, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court