Giannone v City of New York (2020 NY Slip Op 02919)





Giannone v City of New York


2020 NY Slip Op 02919


Decided on May 20, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
RUTH C. BALKIN
ANGELA G. IANNACCI, JJ.


2018-09644
 (Index No. 10180/15)

[*1]Joseph Giannone, Jr., et al., appellants,
v
City of New York, respondent.


Kelner & Kelner, New York, NY (Joshua D. Kelner of counsel), for appellants.
James E. Johnson, Corporation Counsel, New York, NY (Jane L. Gordon and Ingrid R. Gustafson of counsel), for respondent..



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered June 19, 2018. The order, insofar as appealed from, granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging common-law negligence and loss of consortium.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff Joseph Giannone, Jr. (hereinafter the injured plaintiff), allegedly sustained injuries during the course of his employment as a sanitation worker for the defendant City of New York. The injured plaintiff's duties included loading "sausage bags," which were long, heavy bags used by trash compactors in apartment buildings, into the garbage truck. At the time of the accident, the injured plaintiff was lifting one end of a sausage bag with his coworker lifting the other end. When the coworker was unable to maintain his grip on his end of the bag, it slipped out of his hands, and the weight of the bag pulled down on the injured plaintiff's left arm, causing a tear in his biceps tendon.
The plaintiffs commenced this action alleging, inter alia, that the injured plaintiff's personal injuries were caused by his coworker's negligence and the City's negligence in the coworker's training and supervision. The City moved for summary judgment dismissing the complaint, arguing, among other things, that the injury was caused by an inherent hazard of the job for sanitation workers and that the injured plaintiff's coworker was not negligent. The Supreme Court granted the City's motion for summary judgment dismissing the complaint, and the plaintiffs appeal from so much of the order as granted those branches of the City's motion which were for summary judgment dismissing the causes of action alleging common-law negligence and loss of consortium.
Employers generally have a common-law duty to provide their employees with a safe place to work, but an exception to that rule is that the duty "does not extend to hazards that are part of, or inherent in, the very work the employee is to perform" (Annicaro v Corporate Suites, Inc., 98 [*2]AD3d 542, 544). "The hazard of being injured as a result of lifting a heavy garbage bag and loading it into a sanitation truck is inherent in the work of a sanitation worker" (Marin v San Martin Rest., 287 AD2d 441, 441).
The City established its prima facie entitlement to judgment as a matter of law dismissing the complaint by submitting evidence demonstrating that the injured plaintiff's coworker was not acting negligently or differently than a reasonably prudent sanitation worker would, and that the injured plaintiff's injury resulted from a risk inherent in his assigned work as a sanitation worker (see Moody v Kelly Drye & Warren, LLP, 160 AD3d 714, 715; Sepulveda-Vega v Suffolk Bancorp., 119 AD3d 850, 850). In opposition, the plaintiffs failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination to grant those branches of the City's motion which were for summary judgment dismissing the causes of action alleging common-law negligence and loss of consortium.
SCHEINKMAN, P.J., RIVERA, BALKIN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court