Henry v Split Rock Rehabilitation & Health Care Ctr., LLC (2021 NY Slip Op 00118)





Henry v Split Rock Rehabilitation & Health Care Ctr., LLC


2021 NY Slip Op 00118


Decided on January 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 12, 2021

Before: Acosta, P.J., Webber, González, Scarpulla, JJ. 


Index No. 25661/14E Appeal No. 12839 Case No. 2020-02101 

[*1]Ian Henry, Plaintiff-Respondent,
v
Split Rock Rehabilitation and Health Care Center, LLC, Defendant-Appellant, Sheefah Group Realty, LLC, et al., Defendants.
Split Rock Rehabilitation and Health Care Center, LLC, et al., Third-Party Plaintiff-Appellant, Sheefah Group Realty LLC, Third-Party Plaintiff,
v
Hi Cool, Inc., Third-Party Defendant.


Caitlin Robin & Associates, PLLC, New York (Arjeta Albani of counsel), for appellant.
Rosenbaum & Rosenbaum, P.C., New York (Mark W. Walsh of counsel), for respondent.



Order, Supreme Court, Bronx County (Llinet M. Rosado, J.), entered on or about October 4, 2019, which, to the extent appealed from, denied the motion of defendant Split Rock Rehabilitation and Health Care Center, LLC (Split Rock) for summary judgment, unanimously affirmed, without costs.
Plaintiff was employed by third-party defendant Hi Cool, Inc. as an HVAC technician. On January 24, 2014, he was called to defendant Split Rock to inspect a newly installed rooftop air conditioning unit. He was escorted to the electrical room, located on the roof of the premises, by a maintenance worker employed by Split Rock. Plaintiff was injured, purportedly when a circuit breaker in the electrical room exploded.
The motion court properly denied Split Rock's motion for summary judgment, as it failed to eliminate all material issues of fact as to the cause of the accident (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Madeline D'Anthony Enters., Inc. v Sokolowsky, 101 AD3d 606, 607 [1st Dept 2012]). Although defendants' witnesses testified that plaintiff failed to turn off the power to the circuit breaker before performing his work, plaintiff testified that the power was off when the explosion occurred (see Baumann v Metropolitan Life Ins. Co., 17 AD3d 260 [1st Dept 2005]).
Generally, a plaintiff is precluded from holding parties liable for injuries he sustained while confronting the ordinary and obvious risks of his employment (Abbadessa v Ulrik Holding, 244 AD2d 517 [2d Dept 1997]). Here, however, there are issues of fact as to whether plaintiff's failure to perform his job in a manner consistent with his experience and knowledge caused his injuries (see Vega v Restani Constr. Corp., 73 AD3d 641 [1st Dept 2010], affd 18 NY32d 499 [2012]). Moreover, the risks
here may not have been readily observable, even for someone with plaintiff's experience (id.; see also Bombero v NAB Constr. Corp., 10 AD3d 170, 171 [1st Dept 2004]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2021